IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSHUA TUGGLE,

      Plaintiff,

v.

CORD WILLIAMS, et al.,

      Defendants.

Case No. 24-CV-01167-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is a Motion for Hearing on Bad Faith Concealment of Evidence and for Sanctions pursuant to Federal Rule of Civil Procedure 37(c)(1) filed by Plaintiff Joshua Tuggle. (Doc. 49). Defendant Donald Wanack filed a Response (Doc. 51), as did Defendants Trace Brown, Pierce Martin, David Mitchell, Ryan Morgan, and E. Spiller (Doc. 52). Having been fully informed of the issues presented, Tuggle's Motion is **DENIED**.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The instant action stems from a beating that occurred while Plaintiff Joshua Tuggle was incarnated at Pinckneyville Correctional Center in Illinois. (*See* Doc. 2, p. 2). Plaintiff Tuggle filed an initial Complaint and Amended Complaint on April 24, 2024. (*See* Docs. 1, 2). He brought 42 U.S.C. § 1983 Fourth Amendment excessive force and failure to protect claim against the correctional officers he alleges were involved in his beating, including Cord Williams, Christian Pyles, Pierce Martin,

Trace Brown, E. Spiller, Ryan Morgan, Donald Wanack,[1] Mark Maxwell, and Warden David Mitchell. (*See* Doc. 2).

This Court entered a Scheduling Order in this case on December 11, 2024. (*See* Doc. 48). Plaintiff Tuggle filed the instant Motion on April 18, 2025. (*See* Doc. 49). Defendant Donald Wanack filed a response on May 1, 2025 (Doc. 51) and Defendants Trace Brown, Pierce Martin, David Mitchell, Ryan Morgan, and E. Spiller filed a separate Response on May 2, 2025 (Doc. 52).

## APPLICABLE LAW AND LEGAL STANDARDS

Federal Rule of Civil Procedure 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The Seventh Circuit has held that "[t]hese requirements may be modified by the district court, and their enforcement is left to the court's sound discretion." *Hirlston v. Costco Wholesale Corp.*, 81 F.4th 744, 755 (7th Cir. 2023) (citing *In re Golant*, 239 F.3d 931, 937 (7th Cir. 2001)). However, "[w]hen a party fails to supply required witness information, exclusion of those witnesses is automatic and mandatory unless the delinquent party can show good cause for the violation." *Buck v. Young*, No. 22-2052, 2024 WL 2796653, at *2 (7th Cir. May 31, 2024) (citing FED. R. CIV. P. 26(e)(1), 37(c)(1)); *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)).

---

[1] Defendant Wanack's surname is erroneously misspelled as "Wansck" in the Amended Complaint. (Doc. 2).

ANALYSIS

At the heart of this matter is a video conference among the attorneys in this case that occurred on April 14, 2025. (*See* Doc. 49, p. 2). Attorney Jared Kosoglad (counsel of record for Plaintiff Tuggle) alleges that Attorney Charles Ewell (counsel of record for Defendant Wanack) "disclosed that Defendants possess over 150 media files of interviews, statements, and videos, none of which was referred to or disclosed in Defendant Wanack's Rule 26 disclosures." (*Id.*). Attorney Kosoglad states that he then contacted Attorney Robert Schultz (counsel of record for Defendants Brown, Martin, Mitchell, Morgan, and Spiller) "specifically inquiring about information related to the impending trial" in *McReaken v. Kellerman*, No. 21-cv-00584-SPM (S.D. Ill.) and *Toliver v. Kellerman*, No. 25-cv-00059-SPM (S.D. Ill).[2] Attorney Kosoglad alleges that because the "issue in the McReaken and Toliver cases is the retaliatory culture and retaliatory motive of the Defendants from Pinckneyville prison," that "defense counsel's improper concealment of evidence in this case, coupled with the ongoing improper effort to avoid the existing evidence of the Defendants' retaliatory motive, appears intended to subvert justice." (Doc. 49, p. 3). Attorney Kosoglad argues that sanctions are mandatory in accordance with Rule 37(c)(1) and that "[a]s a result of their failure to make Rule 26 disclosures, Defendants Williams, Martin, Brown, Spiller, Morgan, and Mitchell should be prohibited from relying on information or witnesses" and that "[a]s a result of Defendant Wanack's concealment of the media

---

[2] Attorney Kosoglad is counsel of record for the Plaintiffs in the *McReaken* and Toliver cases. As of April 28, 2025, both cases have settled. *See McReaken*, No. 21-cv-00584-SPM (Doc. 126).

files from discovery, Defendant Wanack should be prohibited from using such files and the information therein contained at trial." (Doc. 49, p. 3).

Attorney Charles Ewell tells a different story, arguing that Plaintiff's Motion is "is premature, misleading, and unsupported by evidence or facts." (Doc. 51, p. 2). Attorney Ewell states that "he was completely unfamiliar with the [*McReaken/Toliver*] case to which Mr. Kosoglad was referring, and informed Mr. Kosoglad that he would have to discuss that case with an attorney of record in that case" because "due to a potential conflict of interest, he has not been, and would not be, working with AAG Shultz in this case, and that there was a proverbial 'Chinese Wall' in place to comply with the Rules of Professional Conduct." (*Id.*, p. 5). Attorney Ewell states that he is "not aware of what files Mr. Shultz may or may not have or what requests he has made in this case" but that he informed Attorney Kosoglad that "it may be difficult to share the video files because they are approximately 150 gigabytes in size, which is too large to send via email" and argues that he "made no representations about '150 media files' as Plaintiff claims in his Motion." (*Id.* (quoting Doc. 49, ¶ 11)). Attorney Ewell claims that Attorney Kosoglad's Motion misleads the Court in fourteen separate ways. (*Id.*, pp. 9–15). He also states that Attorney Kosoglad has failed to abide by the "meet and confer" requirement in Rule 37 and in this Court's Local Rule 26.1(c)(3). (*Id.*, p. 16).

Attorney Ewell also states that "[a] cursory review of a small sample of some of Mr. Kosoglad's other federal cases reveals an unfortunate pattern of his filing baseless, premature motions for sanctions and motions for unnecessary judicial involvement in alleged discovery disputes, along with unfounded accusations of

attorney misconduct." (*Id.*, p. 16; *see id.*, pp. 16–17 (citing *Vela v. Thompson*, No. 3:16-cv-00051-CCB (N.D. Ind.); *Holoman v. Tilden*, No. 1:14-cv-01439-HAB (C.D. Ill.); *McReaken v. Kellerman*, No. 21-CV-00584-SPM (S.D. Ill.))).

In a separate Response (Doc. 52), Attorney Shultz admits that "Defendants did not send their initial disclosures until April 29, 2025" but argues that the "delay was not due to any nefarious attempt by the undersigned to gain any advantage in this case or in an unrelated case, and importantly, any delay in the disclosure is entirely harmless." (*Id.*, p. 3). He argues that "Plaintiff never points to what harm they suffered from the delay" and that "Defendants find it difficult for Plaintiff to argue that any harm occurred from the delay without expressly pointing to what the harm is." (*Id.*; *see also id.* (citing *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012); *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003))). Attorney Shultz argues that there is no prejudice and that, even if there were prejudice associated with the late disclosure of witnesses, that such prejudice can be cured in the future. (*Id.*, p. 4). He also argues that the delay in witness disclosures will not delay trial and that there is not any evidence of bad faither. (*Id.*, pp. 4–5).

Attorney Shultz also argues that "Plaintiff appears to infer that Defendants are willfully violating Rule 26(a)(1) by not producing every document in their possession that may relate to a different, unrelated, and irrelevant case." (*Id.*, p. 5 (quoting Doc. 49, ¶ 24)). He argues that "Plaintiff cites no rule that would require such disclosures from the Defendants" and that "Rule 26 does not even require a party to produce every relevant document about a case, rather the rule only requires are party to produce documents that they may use to support their claims." (*Id.* (citing

FED. R. CIV. P. 26(a))). He also argues that Defendants' delayed disclosures did not violate Rules 3 and 4 of the Illinois Rules of Professional Conduct." (*Id.*, p. 7). Attorney Shultz states that "[t]he undersigned vehemently denies these allegations and welcomes a hearing as requested by Plaintiff's counsel in order to ensure that these unsupported and unsubstantiated attacks on his character are defended fully." (*Id.*, p. 8).

The Court need not dive into the granular details of the April 14, 2025 meeting and phone calls because Plaintiff has failed to provide evidence that he has met and conferred in good faith with Defendants' counsel to address his concerns in accordance with Federal Rule of Civil Procedure 37(a)(1), Local Rule 26.1(c)(2), and this Court's Case Management Procedures. *See* FED. R. CIV. P. 37(a)(1) (stating that "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); Local Rule 26.1(c)(2) (stating that "[t]he parties must make good faith efforts to timely meet and confer on *any discovery dispute* before filing a motion with the Court." (emphasis added)). The April 14, 2025 email from Attorney Kosoglad to Assistant Attorneys General Ewell and Shultz does not meet this requirement. Based on the evidence submitted by the parties, this Court rules that Plaintiff Tuggle's Motion must be denied and, therefore, that a hearing on Plaintiff's Motion is not required.

## CONCLUSION

For the reasons set forth above, Plaintiff Tuggle's Motion for Hearing on Bad Faith Concealment of Evidence and for Sanctions pursuant to Federal Rule of Civil Procedure 37(c)(1) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  May 14, 2025**

<u>s/ *Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**
